UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., <br><br> Plaintiff, <br><br> v. <br><br> SAN JUAN UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | No. 2:18-cv-02735-KJM-EFB <br><br><br> ORDER |

On February 13, 2019, plaintiff J.C., proceeding through his guardian ad litem, J.C., filed a notice of request to seal documents under Local Rules 140 and 141. ECF No. 23. In a 1.5-page brief submitted for in camera review, J.C. requests the court seal the entirety of a 1300-page administrative record of a due process hearing relevant to this case. Mot. As explained below, the court DENIES the request without prejudice.

I. LEGAL STANDARD

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a). A request to seal "shall set forth the statutory or other authority for sealing, the requested

1

duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comms.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097-98. To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, *Foltz*, 331 F.3d at 1130, which may include the need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)).

II. DISCUSSION

Here, J.C. has not met his burden. While J.C.'s request to seal the administrative record is not expressly tied to any motion at this point, that record is central to the merits of J.C.'s case and thus may be sealed only for compelling reasons. *See Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions

because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'") (citation omitted). Applying that standard here, J.C. has not explained why the entirety of the record must be filed on the court's docket, sealed and unredacted, as opposed to filing only relevant, redacted excerpts as necessary in connection with motion practice. The court notes that J.C.'s proposed first amended complaint attaches redacted copies of the underlying due process complaint and the Office of Administrative Hearings' order. *See* ECF No. 21-2. Moreover, the court's scheduling order contemplated lodging of the record, consistent with the Local Rules. ECF No. 20 at 2; *see also* L.R. 138(b). Although the scheduling order noted the parties might seek sealing of a filed copy of the record, the court made clear that any such motion would need to comply with the local rules on sealing and redaction. ECF No. 20 at 2 (referencing L.R. 140 and 141).

Fundamentally, J.C. makes no attempt to show sealing is warranted here. He cites Local Rule 140(d), which permits, "[p]ursuant to the terms of a protective order or applicable law, counsel . . . to submit an unredacted document containing protected information for review by the Court." E.D. Cal. R. 140(d); *see* Mot. at 1-2. Here, there is no protective order in place and J.C. has not identified any law permitting him to file this record under seal. J.C. also cites Local Rule 140(a), which requires the court and parties to "omit, or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits," including by, "in civil actions, us[ing] initials when federal and state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document . . . ." E.D. Cal. L.R. 140(a). Rather than redacting the record as Local Rule 140 provides, however, J.C. has simply submitted the entire record for wholesale sealing, arguing broadly the record contains information that could be used to identify J.S. and "[t]he interest in maintaining his confidentiality outweighs any countervailing interest that would be served by allowing the administrative record to be accessible to the public." Mot. at 2.

Courts have denied similar requests on similar bases. *See, e.g.*, *D.O. by & Through Walker v. Escondido Union Sch. Dist.*, No. 3:17-CV-2400-BEN-MDD, 2018 WL 6653271, at *1 n.1 (S.D. Cal. Dec. 18, 2018) (denying minor plaintiff's motion to seal administrative record as

3

"overbroad because he seeks to seal far more than merely personally identifiable information" and allowing renewed motion "narrowing [the] sealing requests and articulating compelling reasons to support sealing"); *but see J.M. v. Oakland Unified Sch. Dist.*, No. 17-CV-04986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018) (granting request to seal administrative record "because it consists of private and sensitive educational and medical records of Plaintiff J.M., a minor, that are largely protected from public disclosure by both federal and state law").

As the proponent of sealing, J.C. has not met his burden. The request is DENIED without prejudice to a renewed request addressing the court's concerns. The Clerk of the Court shall return the administrative record to J.C. and any electronically transmitted documents are now deemed returned.

IT IS SO ORDERED.

DATED: March 6, 2019.

_____
UNITED STATES DISTRICT JUDGE