UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C.,<br><br>            Plaintiff,<br><br>   v.<br><br>SAN JUAN UNIFIED SCHOOL DISTRICT,<br><br>            Defendant. | Case No 2:18-cv-02735-KJM-EFB<br><br><br>ORDER |

        On March 8, 2019, the court denied plaintiff's motion to seal the entirety of a 1300-page administrative record of a due process hearing relevant to this case, but noted the denial was "without prejudice to a renewed request addressing the court's concerns." Order, ECF No. 28 at 3−4. The court specifically noted that plaintiff "ma[de] no attempt to show sealing is warranted here" as there is "no [controlling] protective order in place and J.C. has not identified any law permitting him to file this record under seal." *Id.* at 3. Plaintiff now renews his request, expanding on his former request by citing "Local Rule 141, the Family Educational Rights and Privacy Act ('FERPA'), and the IDEA's implementing regulations which protect the confidentiality of these documents." Request, ECF No. 30 at 1 (citations omitted). Plaintiff also explains that the record "is replete with references to [plaintiff] and his mother by name, in addition to the details of his educational program." *Id.* at 1−2. In support of his request, plaintiff submitted for in camera review a more robust argument for sealing as well as his counsel's declaration in support of the request.

1

None of the authorities on which plaintiff relies provides for sealing under these circumstances. *See* Request at 1 (citing, for example, 34 C.F.R. § 99.30, requiring parent or student's written consent before educational agency's disclosure of certain education records). As the court previously noted, the administrative record plaintiff seeks to seal "is central to the merits of [his] case and thus may be sealed only for compelling reasons." Order at 2. While the court by no means expects plaintiff, a minor, to disclose his identity or other confidential information, the court anticipates the parties will file on the court's docket "relevant, redacted excerpts [of the record] as necessary in connection with motion practice" rather than relying on the sealed record alone. *See id.* at 3.

The court acknowledges its pretrial scheduling order required plaintiff to lodge the administrative record with the court and anticipated plaintiff's motion to seal. ECF No. 20 at 2. Because the lodged record could be made available to the public, though not published as a matter of course on the court's electronic docket, the court understands plaintiff's concerns and appreciates the inefficiency of redacting a voluminous record in whole. Under the circumstances here, the lodged record will be available for the court's reference but need not be made available to the public, unredacted, in its entirety. Accordingly, the court GRANTS plaintiff's request to the extent the Clerk of the Court shall treat the lodged administrative record as confidential, available only to the court in camera for the purposes of reviewing portions of the record for context as needed in resolving the parties' motions. The parties are NOTIFIED that they may not cite to the sealed record in motion practice and must instead cite to and file on the docket redacted portions of that record, as relevant.

IT IS SO ORDERED.

DATED: April 30, 2019.

_____
UNITED STATES DISTRICT JUDGE