UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C., by and through his guardian ad litem J.C., Parent,<br><br>Plaintiff,<br><br>v.<br><br>SAN JUAN UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 2:18-cv-02735-KJM-EFB<br><br>ORDER |

In this Individuals with Disabilities Education Act (IDEA) case, plaintiff seeks leave to amend his complaint to add a claim for failure to maintain plaintiff's educational placement. ECF No. 21. For the reasons below, the court GRANTS plaintiff's motion.

I.  BACKGROUND

J.C. is a student in the San Juan Unified School District who has been diagnosed with autism and qualifies for special education services. Administrative Record (AR), ECF No. 32-1, at 10[1] (Due Process Complaint, OAH Case No. 2018020299). On April 4, 2016, plaintiff was placed at Sierra Foothill Academy, a nonpublic school located in Loomis,

---

[1] Citations to the Administrative Record refer to the CM/ECF pagination of the redacted excerpts filed on the docket. As provided by the court's sealing order, ECF No. 31, the Administrative

1

California, by his school district at the time, Clear Creek Elementary School District. *Id.* at 10–11; Compl., ECF No. 1, ¶ 25. In November 2017, plaintiff moved into the San Juan Unified School District (SJUSD) where he was offered placement in a special day class at a different school. *See* AR at 11 ("The school site offered is [] unclear.").

On February 6, 2018, dissatisfied by SJUSD's placement offers, plaintiff filed a due process complaint with the Office of Administrative Hearings (OAH) alleging SJUSD denied plaintiff a free appropriate public education (FAPE) during the 2017–2018 school year by, *inter alia*, "failing to offer him an interim placement and services comparable to that contained in his last agreed upon and implemented IEP." *Id.* at 10. Plaintiff proposed SJUSD place him at Sierra Foothills Academy, his original school, and reimburse him retroactively for tuition to attend that school from November 6, 2017 through the date the OAH Administrative Law Judge (ALJ) rendered its decision. *Id.* at 13. On July 11, 2018, the ALJ found plaintiff did not establish SJUSD's placement offer was not comparable to his previous placement at Sierra Foothill Academy, Mot. to Amend ("Mot."), Ex. B, ECF No. 21-2 (OAH Decision), at 45.

On February 6, 2018, plaintiff filed a motion to "stay put"[2] with OAH, requesting SJUSD be ordered to implement plaintiff's last agreed-upon Individualized Education Program (IEP), and thereby keep him enrolled at Sierra Foothill Academy. *Id.* at 25–27. The motion was

/////

---

Record is lodged with the court and treated as confidential. However, the parties are required to cite to and file on the docket redacted portions of that record, as relevant. *Id.* Defendant did so for the purpose of this motion at ECF No. 32, and the court limits its citations to those available on the public docket.

[2] In the context of IDEA litigation, "stay put" commonly refers to a provision of the IDEA that requires the school district to keep a student-plaintiff in the same educational placement during the pendency of litigation. 20 U.S.C. § 1415(j) ("[D]uring the pendency of any proceedings conducted pursuant to [§ 1415], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child[.]"); *see also Johnson ex rel. Johnson v. Special Educ. Hearing Office, State of Cal.*, 287 F.3d 1176, 1179 (9th Cir. 2002) (citing 20 U.S.C. § 1415(j)).

granted in part and denied in part on February 23, 2018. *Id.* at 142–45. Specifically, plaintiff's request to continue attending Sierra Foothills Academy was denied. *Id.* at 145.

On October 8, 2018, plaintiff filed the instant suit against SJUSD, seeking review of the ALJ's decision on the due process complaint and a finding that plaintiff was "substantively and procedurally denied a FAPE for the 2017–2018 school year." Compl. ¶ 19. On October 23, 2018, plaintiff filed a compliance complaint with the California Department of Education (CDE) alleging SJUSD denied plaintiff a FAPE by failing to maintain his current placement through the pendency of the due process hearing, in violation of OAH's stay put order. Mot., ECF No. 21, at 2–3. CDE found SJUSD complied with the law regarding plaintiff's stay put placement. *Id.* at 3. Plaintiff filed a request for reconsideration of the finding, and CDE denied the request on January 17, 2019. *Id.*

On February 7, 2019, plaintiff filed the instant motion in this case for leave to amend his complaint to add a claim that SJUSD violated the stay put order. Mot. Defendant opposes the motion and also requests the court strike and dismiss all of plaintiff's claims based on events on or after February 6, 2018, the date plaintiff filed his due process complaint. Opp'n, ECF No. 26, at 7–8. Plaintiff filed a reply. ECF No. 27. The court submitted the motion without a hearing and resolves it here.

II.     LEGAL STANDARD

Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, a party seeking leave to amend pleadings after the deadline specified in the scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992). Plaintiff sought leave to amend before the court's April 17, 2019 deadline for doing so, therefore he need not satisfy Rule 16(b). *See* ECF No. 20 (Pre-Trial Scheduling Order); Fed. R. Civ. P. 16(b).

The movant must next satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987), for its explication of this order of operations). Federal Rule of Civil Procedure 15(a)(2) states, "[t]he court should freely

3

give leave [to amend a pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint," *Johnson v. Buckley*, 356 F. 3d 1067, 1077 (9th Cir. 2004) (citation omitted); *see also Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (same) (citing citation omitted).

III.  ANALYSIS

    A.  Propriety of Amendment Under Rule 15

Because plaintiff need not satisfy Rule 16(b)'s "good cause" standard, the court must decide whether the request to amend satisfies Rule 15(a). *Cf. Johnson v. Mammoth*, 975 F.2d at 608. The factors cited in *Johnson v. Buckley* counsel in favor of granting plaintiff's request. *See Johnson v. Buckley*, 356 F.3d at 1077 (listing the relevant factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings").

Defendant argues plaintiff's request should be denied because plaintiff did not exhaust his claim for violation of the stay put order as required by the IDEA, therefore amendment would be futile. Opp'n at 4. Defendant mistakenly argues the court does not have subject matter jurisdiction over the claim if it is not properly exhausted. *Id.* at 5–7 (citing, *inter alia*, 20 U.S.C. § 1415(l) (2005); *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017)). As plaintiff points out on reply, the Ninth Circuit has held the IDEA's exhaustion requirement is not a prerequisite to federal subject matter jurisdiction, but rather an affirmative defense. *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867 (9th Cir. 2011) [hereinafter *Payne II*] (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *see also Sanchez v.*

4

*Grandview Sch. Dist. No. 200*, No. CV-10-3118-EFS, 2012 WL 12918718, at *3 (E.D. Wash. Jan. 24, 2012) (applying *Payne II* to plaintiff's motion for leave to amend complaint). Thus, defendant's futility argument due to lack of subject matter jurisdiction is unavailing.

In *Sanchez v. Grandview Sch. Dist. No. 200*, the Eastern District of Washington addressed the same argument defendant attempts to advances here. 2012 WL 12918718 at *4. There, the court found:

> [T]he question of . . . whether Plaintiffs have indeed satisfied the exhaustion requirement[] is not before the Court. Rather, the issue raised by Plaintiffs' motion is whether amendment of the Complaint would be futile, and under a careful reading of *Payne II*, it is clear that it would not. Instead, Plaintiffs should be permitted to amend their Complaint, and Defendants should be given the opportunity to seek dismissal of some or all of these claims on exhaustion grounds. Accordingly, the Court rejects Defendants' argument that amendment of Plaintiffs' Complaint would be futile.

*Id.*; *see also Hunt v. Lincoln Unified Sch. Dist.*, No. 2:14-CV-02815 KJM, 2015 WL 4676256, at *3 (E.D. Cal. Aug. 6, 2015) (granting leave to amend because case was not "one of the rare instances where it is clear from the face of the complaint" exhaustion was not met and amendment was not futile).

Here, the court faces essentially the same issue and comes to the same conclusion as its sister courts. The parties appear to agree the claim is subject to the IDEA's exhaustion requirement but disagree as to whether (1) it was addressed in the due process complaint or (2) it was exhausted by virtue of the compliance complaint with CDE. *See* Opp'n at 4, 6; Reply at 2–5. As in *Hunt*, defendant has not shown plaintiff's alleged failure to exhaust is clear from the face of the complaint. As the court in both *Sanchez* and *Hunt* concluded, it is premature to decide the exhaustion question on a motion for leave to amend, where failure to exhaust is not clear from the face of the complaint. *Sanchez*, 2012 WL 12918718, at *4; *Hunt*, 2015 WL 4676256, at *3.

Moreover, defendant has not met its burden of showing it would suffer prejudice if leave to amend is granted. *DCD Programs, Ltd*, 833 F.2d at 187 (citation omitted) ("The party opposing amendment bears the burden of showing prejudice."). Defendant argues it would be prejudiced by amendment, because (1) defendant did not have an opportunity to hear and respond to plaintiff's evidence in a due process hearing, and (2) amendment would create the need for

5

further discovery. Opp'n at 10 (citing *Tamalpais*, 271 F. Supp. 3d at 1171–72 (affirming ALJ's denial of motion for additur where plaintiff "failed to raise and present evidence in support of her . . . reimbursement claim before the ALJ at a time when [defendant] could contest or otherwise respond to the evidence")). In essence, defendant argues in the first instance the amendment is prejudicial based on plaintiff's purported failure to exhaust administrative remedies. Plaintiff counters that the issue of whether SJUSD violated the stay put order was "the subject of testimony and evidence throughout the due process hearing," Reply at 4, which defendant concedes in its opposition, Opp'n at 3 ("At the due process hearing, some factual testimony was presented regarding the District's compliance with the stay put order."). Furthermore, defendant's argument that amendment is prejudicial because it creates the need for more discovery is unavailing in light of the extensive factual overlap between the proposed claim and the existing claims, and the parties' agreement that the Administrative Record forms the record in this case. Finally, if defendant is correct that plaintiff did not exhaust, it is likely to succeed on a motion to dismiss the claim and, if not, defendant can seek a stipulation or otherwise move for discovery if additional discovery becomes necessary. Therefore, defendant has not shown amendment would cause it undue prejudice.

       Under Rule 15(a), the request to amend should be granted.

       B.        <u>SJUSD's Request to Strike or Dismiss Plaintiff's Claims</u>

       Plaintiff's first claim includes allegations regarding SJUSD's offers dated February 6, 2018 and April 4, 2018. Opp'n at 7 (citing Compl. ¶ 58). In its opposition to plaintiff's motion for leave to amend, defendant requests the court dismiss this claim to the extent it is based on facts occurring after February 6, 2018. *Id.* at 8. SJUSD argues the ALJ did not consider claims after February 6, 2018, the date of the due process complaint, and therefore the claim is not properly exhausted and the court does not have subject matter jurisdiction to hear it. *Id.* For the same reasons discussed above, defendant's arguments are unavailing: the IDEA's exhaustion requirement is not jurisdictional and SJUSD's argument may be raised in a motion to dismiss. *See Payne II*, 653 F.3d at 867; *Sanchez*, 2012 WL 12918718 at *4. Defendant's request is DENIED without prejudice to the filing of a motion to dismiss.

IV.     CONCLUSION

    For the foregoing reasons, the court GRANTS plaintiff's motion to amend his complaint, ECF No. 21.  Plaintiff SHALL file his amended complaint within fourteen (14) days of this order.  The parties are ORDERED to meet and confer and jointly propose amendments to the scheduling order necessitated by this order, if any, within twenty-one (21) days.

    IT IS SO ORDERED.

DATED: August 12, 2020.

                      CHIEF UNITED STATES DISTRICT JUDGE