UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.C.,<br><br>    Plaintiff,<br><br>  v.<br><br>San Juan Unified School District,<br><br>    Defendant. | No. 2:18-cv-02735-KJM-JDP<br><br>ORDER |

In this suit under the Individuals with Disabilities Education Act (IDEA) case, defendant San Juan Unified School District moves to strike or dismiss plaintiff's first amended complaint. For the reasons below, **the court grants defendant's motion to dismiss plaintiff's stay put claim, grants in part defendant's motion to strike, and grants defendant's motion to dismiss with leave to amend plaintiff's third prayer for relief.**

**I. BACKGROUND**

A detailed factual summary of this case is set out in the court's previous order granting plaintiff's motion to amend the complaint. *See* Prev. Order (August 12, 2020), ECF No. 35. The court thus offers only a brief summary here.

Plaintiff moved into the boundaries of defendant school district in the fall of 2017. First Amended Complaint (FAC) ¶ 11, ECF No. 37. In early November 2017, plaintiff's mother requested a meeting with defendant to discuss plaintiff's individualized education plan (IEP). *Id.*

¶ 36. While defendant did not meet with plaintiff's mother until May 2018, defendant made two oral offers to place plaintiff in a special day class at two different public schools in the district, Carriage or Mariemont Elementary Schools. *Id.* ¶¶ 37, 39, 43. Defendant made the first offer shortly after plaintiff moved and the second around January 2018. *Id.* ¶¶ 39, 43. On February 6, 2018, plaintiff filed a due process complaint with the state Office of Administrative Hearings (OAH) alleging defendant denied student a free and appropriate public education (FAPE) for the 2017 to 2018 school year. *Id.* ¶ 13. That same day, plaintiff filed a separate motion to "stay put" asking the OAH to order defendant to maintain plaintiff's placement at Sierra Foothills Academy, the private school where plaintiff was then enrolled and had attended since 2016. *Id.* ¶¶ 14, 34. A few weeks later, the OAH ordered defendant to provide plaintiff with a placement in a comparable non-public school but denied plaintiff's request to be maintained at Sierra. *Id.* ¶ 73. The order noted that "[t]he determination of the stay put motion is separate from the determination of the . . . issues raised by the due process request." OAH Order (Feb. 23, 2018), ECF No. 37-2 at 4.[1] In early April, plaintiff's parent accepted defendant's written offer to enroll the student at Mariemont Elementary School. FAC ¶¶ 51–52. Sierra did not bill plaintiff for the cost of plaintiff's attendance between November 6, 2017 and March 22, 2018. ALJ Order (July 14, 2018), ECF No. 37-3 at 25.

In May, an administrative law judge (ALJ) heard plaintiff's due process complaint. FAC ¶ 17. In her subsequent decision, the ALJ noted that plaintiff's complaint did not raise the OAH's partial denial of plaintiff's stay put request so the order would "not be discussed" in the decision. ALJ Order at 3 n.2. However, the ALJ acknowledged that following the OAH's stay put order, defendant arranged tours for plaintiff's mother at two nonpublic schools, neither of which she liked. *Id.* at 24.

Plaintiff filed the instant suit against defendant in October 2018, seeking review of the ALJ's decision on the due process complaint, and she filed the operative amended complaint in August 2020. *See generally* Compl., ECF No. 1; FAC. In late October 2018, plaintiff also filed a

---

[1] Citations to page(s) in this document refer to page numbers applied to the upper right of each page by the court's CM/ECF system.

compliance complaint with the California Department of Education (CDE), alleging defendant denied plaintiff a FAPE by failing to maintain his current placement through the pendency of the due process hearing, purportedly in violation of OAH's stay put order and "provisions of 20 U.S.C. section 1415, subdivision (j), and California's Education Code section 56505, subdivision (d) . . . ." FAC ¶ 26 (citing Ex. 4, ECF No. 37-4 at 3). Relying solely on the ALJ's due process findings, CDE found defendant complied with the law regarding plaintiff's stay put placement, and later denied plaintiff's request for reconsideration of the finding. *Id.* ¶¶ 27, 29 (citing Ex. 6, ECF No. 37-6).

Plaintiff now requests this court find he was substantively and procedurally denied a FAPE for the 2017 to 2018 school year. *Id.* ¶ 30. Plaintiff alleges defendant denied him a FAPE when defendant failed to (1) hold an IEP meeting within 30 days of plaintiff's enrollment and/or plaintiff's parent's request, (2) provide a written interim offer, (3) offer and provide comparable placement and services in an interim offer, (4) maintain plaintiff's placement during the pendency of the due process hearing, and (5) provide a written transition plan from a non-public school to a special day class with mainstreaming. *Id.* at 8, 10–13. In addition to requesting a finding that defendant denied plaintiff a FAPE, plaintiff seeks to overturn the bulk of the ALJ's decision, requests reimbursement for both Sierra tuition in the amount of $18,267.25 and transportation costs incurred in transporting plaintiff to Sierra totaling $2,453.10, and attorneys' fees. *Id.* at 14–15.

Defendant moves to strike or dismiss three portions of the FAC: (1) plaintiff's stay put claim because plaintiff failed to exhaust administrative remedies on this claim, MTD, ECF No. 41 at 3, (2) plaintiff's claims against the CDE because CDE is not a party to this action, *id.* at 2, and (3) plaintiff's request for tuition reimbursement in the amount of $18,267.25 because plaintiff has no standing to seek such damages, *id.* at 4. The court addresses these motions below.

**II.     LEGAL STANDARD**

    **A.     Motion to Dismiss**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a

3

"cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face,' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Iqbal*, 556 U.S. at 679.

Lack of standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White*, 227 F.3d at 1242. "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a

1  legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading...any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07, 711 (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10-2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527–28). However, "[m]otions to strike are disfavored and infrequently granted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations omitted). Indeed, a motion to strike " 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.' " *Id*. (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see also Wynes v. Kaiser Permanente Hospitals*, No. 10-0702, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011) (noting "courts often require a showing of prejudice by the moving party").

In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation omitted). Finally, "leave to amend should be freely given" unless there is a showing of prejudice to the moving party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826–27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

## III. ANALYSIS

### A. Did Plaintiff Exhaust His Stay Put Claims?

The court first addresses whether plaintiff failed to exhaust administrative remedies under the IDEA for his stay put claim  Defendant argues plaintiff needed to exhaust administrative remedies under the IDEA prior to seeking relief from this court regarding OAH's stay put order. Mot. at 14. In opposition, plaintiff argues the OAH and CDE adjudicated plaintiff's "stay put" claims, satisfying IDEA's requirement. Opp'n at 6, ECF No. 45.

The IDEA's "stay put" provision requires that, "during the pendency of any proceeding conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415 (j); *see also* Cal. Educ. Code § 56505, subd. (d). The IDEA also requires certain "administrative appeal procedures . . . be pursued before seeking judicial review." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1302 (9th Cir. 1992) (citing 20 U.S.C. § 1415). This requirement exists so that state agencies with expertise in the educational needs of differently abled students may serve as factfinders, rather than district courts. *Id.* at 1303 (citing *Crocker v. Tennessee Secondary School Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir.1989)). This exhaustion requirement is "subject to certain exceptions." *Id*. at 1302–03. These exceptions include where "(1) it would be futile to use the due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; and (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies . . . ." *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 256 F. Supp. 3d 1064, 2017 WL 2670739, at *7 (N.D. Cal. June 21, 2017) (quoting *Hoeft*, 967 F.2d at 1303–04) (internal punctuation omitted). A CDE complaint may substitute for exhaustion of the IDEA due process procedures in limited circumstances where the claim "is purely a matter of law," i.e., agency expertise and a factual record are unnecessary to resolve the issue. *Christopher S. ex rel. Rita S. v. Stanislaus Cty. Off. of Educ.*, 384 F.3d 1205, 1211 (9th Cir. 2004).

Here, plaintiff did not assert his stay put claim in his due process complaint, nor did he amend his complaint to allege defendant's non-compliance with the OAH's stay put order in

6

advance of the due process hearing. FAC ¶¶ 13, 14; Opp'n at 11. For this reason, as noted above, the ALJ's order explicitly stated it did not address OAH's stay put order. ALJ Order at 3 n.2. Thus, the ALJ did not evaluate defendant's compliance with the stay put order and defendant did not defend its compliance. The only relevant fact of record is that following the stay put order, defendant arranged tours for plaintiff's mother at two nonpublic schools, neither of which she liked. ALJ Order at 12. Plaintiff's argument that he satisfied his exhaustion requirements by filing a complaint resolution proceeding with the CDE is similarly unavailing. *See* Opp'n at 8. Whether defendant complied with the stay put order is not a purely legal question, and the CDE report did not further develop the sparse factual record or allow defendant to present its arguments and evidence. Instead, the report recites facts set forth in the ALJ's analysis, which did not address OAH's stay put order. *See generally* FAC Exh. 5, ECF No. 37-5.

Because plaintiff "has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required." *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1048 (9th Cir. 2002). None of the exceptions to the exhaustion requirement apply here. Plaintiff has not exhausted his administrative remedies as to his stay put claim, so the court dismisses this claim with leave to amend if possible subject to Federal Rule of Civil Procedure 11.

**B.     Is CDE a Party to this Action?**

The court next addresses whether the CDE should have been included as a party to this action. In his first amended complaint, plaintiff asserts "CDE and OAH erred in their decisions that [defendant] complied with the [IDEA's stay put requirements] during the pendency of the due process hearing." FAC ¶ 80. In contrast, plaintiff's opposition argues "[t]here are no claims against the CDE because [plaintiff] does not ask the [c]ourt to direct CDE to take any action with respect to its Investigation Report." Opp'n at 11. Plaintiff reasons that because the CDE's report rests entirely on the ALJ's decision, overruling the ALJ will effectively overrule the CDE. *Id.* However, plaintiff also suggests the CDE's determination is relevant as "further evidence that the issue has been fully adjudicated, and that [plaintiff] has sufficiently exhausted his administrative remedies on the issue." Opp'n at 10–11.

For the reasons outlined above, the CDE's citation to the ALJ's due process determination does not excuse plaintiff from having to exhaust administrative remedies as to his stay put claims. To remove any "confusion of the issues," the court grants defendant's motion to strike the reference to CDE in paragraph 80 of plaintiff's first amended complaint, suggesting that plaintiff brings claims against CDE. *See Taheny*, 2011 WL 1466944, at *2 (citing *Fantasy*, 984 F.2d at 1527–28).

**C.    Is Plaintiff Entitled to Payment for the Value of Sierra's Services?**

Finally, the court addresses plaintiff's request for $18,267.25, the value of the tuition and services plaintiff alleges he received at Sierra. FAC at 14. The "relief available under [the IDEA] includes reimbursement to parents for private school tuition and related expenses . . . ." *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 367, 374 (1985). This equitable relief "aim[s] to place disabled children in the same position they would have occupied but for the school district's violations of IDEA." *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) (quoting *Reid ex rel. Reid v. Dist. of Columbia*, 401 F.3d 516, 518 (D.C. Cir. 2005)) (citing 20 U.S.C. § 1415(i)(2)(C)(iii)).

A plaintiff possesses Article III standing to seek relief in federal court only if he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). To establish an injury in fact, the plaintiff must show the defendant infringed on the plaintiff's legally protected interest in a "concrete and particularized" manner that is "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing the elements to satisfy Article III standing. *See id.* at 1547. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id.* (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Plaintiff attended and received services at Sierra from November 6, 2017 through March 22, 2018. ALJ Order at 25. However, Sierra did not bill plaintiff for those services and nothing in plaintiff's complaint or opposition indicates plaintiff owes Sierra for associated costs. *Id.*; *see generally* FAC; Opp'n. Based on his pleadings, plaintiff has thus not suffered any injury, including one likely to be redressed by a favorable judicial decision. Requiring defendant to pay plaintiff $18,267.25 would not reimburse plaintiff for private school tuition expenses he actually incurred or further the legislative purpose behind the IDEA's equitable remedies. Rather, it would be akin to requiring defendant to pay punitive damages, which are not available under the IDEA. *See* Reply at 9 (citing 20 U.S.C. § 1415); *Everett H. v. Dry Creek Joint Elementary Sch. Dist.*, 5 F. Supp. 3d 1167, 1183 (E.D. Cal. 2014) (citing cases).

The proper mechanism for adjusting plaintiff's prayer for relief is by dismissing, rather than striking, the request. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) ("Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). As provided by Federal Rule of Civil Procedure 12(b)(1), the court dismisses plaintiff's third prayer for relief, seeking payment from defendant in the amount of $18,267.25, but with leave to amend if possible.

## IV.   CONCLUSION

The court **grants defendant's motion to dismiss plaintiff's stay put claim with leave to amend, grants defendant's motion to strike any mention of CDE from paragraph 80 of plaintiff's first amended complaint**, and **grants defendant's motion to dismiss with leave to amend plaintiff's third prayer for relief requesting payment from defendant in the amount of $18,267.25**.

This order resolves ECF No. 41.

IT IS SO ORDERED.

DATED: March 22, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE